FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 18 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
COLIN HARPER,

        Petitioner,

   -against-

UNITED STATES OF AMERICA,

        Respondent.
------------------------------------------------------x

NOT FOR PUBLICATION
MEMORANDUM & ORDER
15-CV-4530 (CBA)

**AMON, Chief United States District Judge:**

On August 3, 2015, petitioner Colin Harper filed a letter seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2255,[1] alleging ineffective assistance of counsel and actual innocence. (D.E. # 1, Pet. at 1.) In the same letter, Harper asked for the Court to provide him with counsel, to schedule an evidentiary hearing on all of his claims, and to release him on bail pending resolution of his petition. (See id.) The Court reserves decision on Harper's underlying petition, but for the reasons stated below, denies Harper's requests for counsel, a hearing, and release on bail.

## BACKGROUND

On May 12, 2014, Harper pleaded guilty to a single charge of conspiracy to possess with intent to distribute over a kilogram of a substance containing heroin, for which he is presently serving a 120-month prison term. (D.E. # 4 at 1.) He now alleges that the evidence in his case shows that he engaged in multiple, smaller conspiracies to distribute heroin, rather than the single, five-year conspiracy to which he pleaded guilty. (Pet. at 2–3.) He also claims that "the indictment [against him] was constructively amended" and his attorney failed to object. Lastly, Harper claims

---

[1] Harper does not specify the statute under which he seeks a writ of habeas corpus, but he is presently incarcerated in connection with a guilty plea taken in this Court.

1

that, despite his requests, his attorney failed to appeal the sentence handed down by this Court. (Id. at 5.)

On August 18, 2015, this Court issued an Order to Show Cause directing the government to respond to Harper's petition by October 19, 2015.[2] (D.E. # 3.) On October 19, the government submitted a request for additional time to file its response. (D.E. # 4.) The Court granted that request, extending the government's time to respond until December 3, 2015. (D.E. dated Oct. 19, 2015.) Harper has since responded with a letter dated October 23, 2015. (See D.E. # 5.)

## DISCUSSION

### I. The Government's October 19 ex parte Request for an Extension

Harper's October 23 letter expresses frustration that this Court entertained the government's October 19 request for an extension ex parte. (D.E. # 5 at 1.) The Court was not aware that the government had failed to serve Harper with a copy of its request and would not have knowingly entertained an ex parte application. At the same time, the request itself was reasonable. It was the first extension sought by the government in this matter, and there is no indication it was made in bad faith. There is no obvious objection Harper could have raised that would have stopped the Court from granting the request.[3] Nevertheless, Harper is entitled to know the nature of the government's October 19 request, so the Court hereby directs the government to provide him with a copy within fourteen (14) days of the date of this order.

### II. Appointment of Counsel

Harper moves this Court to appoint him counsel. There is no constitutional right to representation by counsel in habeas proceedings, Green v. Abrams, 984 F.2d 41, 47 (2d Cir. 1993), but in its discretion, a court may appoint counsel where "the interests of justice so require," 18

---

[2] This Order amended an earlier Order to Show Cause, which was issued on August 7, 2015. (See D.E. # 2.)
[3] Harper claims that the government requested a shorter extension than the one the Court granted. (See D.E. # 5 at 1.) That is incorrect. The government asked for and received 45 days. (See D.E. # 4, D.E. dated Oct. 19, 2015.)

2

U.S.C. § 3006A(a)(2)(B). In the Second Circuit, courts begin by assessing whether the indigent plaintiff or petitioner has some chance of success. Hodge v. Police Officers, 802 F.2d 58, 60–61 (2d Cir. 1986); Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Harper argues that the Court should grant his petition, but it is far from clear that he has a reasonable chance of success. For one, he fails to address any of the salient obstacles facing his petition, such as the role and relevance of his own participation in the process of pleading guilty, (see Plea Hr'g Tr. at 19:14–16, 20:5–22), the fact that his plea involved a waiver of the right to appeal his sentence, (see id. at 13:18–22), or the fact that his sentence is shorter than that prescribed by the Sentencing Guidelines, (D.E. # 4 at 1).

Even if he had shown some likelihood of success, Harper makes no mention whatsoever of the other factors the Court would need to consider. If an indigent petitioner has a chance of success, courts may move on to consider other factors, including "the indigent's ability to investigate facts, the importance of cross-examination, the indigent's ability to present his case, and the complexity of the case." Burgos, 14 F.3d at 789 (summarizing Hodge); see also Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989) (listing factors such as "the plaintiff's . . . efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel"). Harper does not address such factors; he does not specify whether he has attempted to secure counsel himself, for example, and he does not describe in any way why he needs an attorney appointed.[4]

Harper's request for appointed counsel is therefore denied.

---

[4] The closest Harper comes to outlining a reason for which he seeks counsel is when he suggests that, had the Court appointed counsel for him initially, the government would not have made its October 19 motion ex parte. (D.E. # 5 at 1–2.) Whether that is correct or not, the Court notes once again that it would have granted the government's motion even if Harper had counsel or the motion had been served immediately on Harper. In any event, Harper's original request for counsel predated the government's motion, and Harper has never explained the basis for that request.

## III. Evidentiary Hearing

Harper also requests "an evidentiary hearing on each of the claims advanced" in his petition. (Pet. at 6.) Under 28 U.S.C. § 2255(b), a habeas petitioner may be entitled to a hearing "if the evidence [to] be offered at a hearing . . . would be admissible proof entitling the petitioner to relief." Hayden v. United States, 814 F.2d 888, 892 (2d Cir. 1987). At the hearing, "[t]he petitioner must set forth specific facts which he is in a position to establish by competent evidence." Id.

Harper does not explain why he seeks an evidentiary hearing or what information he wishes to uncover as a result. In fact, perhaps inadvertently, he suggests a hearing is unnecessary, claiming that "[t]he issues presented in petitioner's motion are easily resolved by consulting the record." (D.E. # 5 at 2.) But even if Harper had offered a reason for holding a hearing, it is premature to schedule one on his petition, which should be fully briefed in a matter of weeks.[5] Based on Harper's submissions alone, it is not clear that there are issues of material fact to be addressed via a hearing, and, as he suggests, it may yet be possible to decide the petition based entirely on the record. See United States v. Aiello, 814 F.2d 109, 113–14 (2d Cir. 1987) ("To warrant plenary presentation of evidence, the [habeas] application must contain assertions of fact that a petitioner is in a position to establish by competent evidence. . . . [B]oth the petitioner's and government's affidavits—taken together—are used to determine the existence of genuine issues of material fact.")

Harper's request for an evidentiary hearing is therefore denied. Harper may renew his motion for a hearing once the petition has been fully briefed.

---

[5] As noted above, the government is scheduled to file its response by December 3, 2015, and Harper's reply is due January 8, 2016. (D.E. dated Oct. 19, 2015.)

4

## IV. Release on Bail

Harper also asks the Court to release him on bail. (Pet. at 1.) Although this Court has the power to grant such a motion, "a habeas petitioner should be granted bail only in 'unusual cases,' or when 'extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'" Ostrer v. United States, 584 F.2d 594, 597 (2d Cir. 1978) (citations omitted).

No unusual circumstances call for Harper's release on bail. His central claim is that he is guilty of slightly different crimes from the one on which he is presently incarcerated— specifically, a series of smaller conspiracies to distribute heroin rather than a single, overarching conspiracy. Harper claims that his attorney should have moved to dismiss the indictment on the basis of that misdescription; that such a motion would have been granted; and that Harper would have proceeded to trial rather than accepting a plea. (Pet. at 2.) Further, Harper claims that, but for this failure on the part of his attorney, he would not have been convicted, (id.), and that he now endures "wrongful imprisonment," (id. at 6).

These circumstances, which Harper claims render his case extraordinary and justify his release on bail, (id.), are simply not persuasive. At his sentencing, this Court acknowledged Harper's "candor, at the time of his arrest, about the extent of his drug-dealing," (Sentencing Hr'g Tr. at 7:24–25), and the prosecution noted Harper's "admission that he'd been dealing substantial amounts of heroin for a lengthy period of time," (id. at 5:21–22). There is thus little reason to think Harper would be free if his attorney had objected narrowly to the construction of the charge to which he pleaded guilty.

In short, this does not appear to be an "unusual case" of a sort that cries out for bail. Ostrer, 584 F.2d at 596 n.1 (quotation marks and citations omitted). Certainly, even if Harper

were ultimately to prevail on his habeas petition, a "grant of bail" now would not be "necessary to make the habeas remedy effective." (Id. (quotation marks and citations omitted).)

Harper's request for release on bail is denied.

## CONCLUSION

For the foregoing reasons, Harper's requests for counsel, a hearing, and release on bail are denied. The Court reserves decision on the underlying petition for a writ of habeas corpus and expects the government's response to Harper's petition no later than December 3, 2015. (See D.E. dated Oct. 19, 2015.) Harper's reply to the government, if any, remains due on January 8, 2016. (See id.) As noted above, the government is further directed to serve Harper with a copy of its October 19 motion within fourteen (14) days of the date of this Order.

SO ORDERED.

Dated: November 18, 2015
Brooklyn, New York

/S/ Chief Judge Carol Bagley Amon
Carol Bagley Amon
Chief United States District Judge